UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF A. SIMPSON,

    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE CORPORATION,

    Defendant.
                             /

Case No. 2:18-cv-11724

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES [3] AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [4]**

On May 31, 2018, Plaintiff filed his complaint, which alleged that Defendant arbitrarily and capriciously denied Plaintiff's dismemberment benefit claim in violation of ERISA. ECF 1. On July 11, 2018, Plaintiff's counsel Paul Doherty ("Mr. Doherty") filed a motion for attorney's fees and alleged that Plaintiff had not paid Mr. Doherty under their contingency fee agreement and that Defendant tortiously interfered with the contract between Plaintiff and Mr. Doherty. ECF 3. On July 13, 2018, Defendant filed a motion for summary judgment and asserted that the complaint was barred by the statute of limitations. ECF 4. Defendant further noted that it granted Plaintiff's claim for total and permanent disability benefits before the complaint was filed. *Id.* at 55. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). The Court will deny Plaintiff's motion for attorney's fees and grant Defendant's motion for summary judgment.

1

## BACKGROUND

In August 2007, Plaintiff was injured while test-driving a GM vehicle as a GM employee. ECF 1, PgID 3. In January 2011, Plaintiff applied for dismemberment benefits, despite not being dismembered. ECF 3, PgID 11. In March 2011, his claim was denied. *Id.* In April 2011, his appeal was also denied. *Id.* On December 5, 2017, Plaintiff retained Mr. Doherty as his counsel on a forty percent contingency fee basis. *Id.* On May 31, 2018, Mr. Doherty—after forwarding the complaint to Plaintiff with no corresponding response—filed the complaint. ECF 3, PgID 13. On July 3, 2018, Mr. Doherty first discovered that Defendant had already approved Plaintiff's new total and permanent disability claim and had been paying Plaintiff benefits since April 2018—before the complaint was filed. *Id.*

## STANDARD OF REVIEW

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

**DISCUSSION**

I.  <u>Motion for Attorney's Fees and Lien</u>

Mr. Doherty moved for an award of attorney's fees of forty percent of the disability benefits that Defendant awarded his client and for a lien on all disability payments from Defendant to Plaintiff. *See* ECF 3. A motion for attorney's fees must be "filed no later than 14 days after the entry of judgment" and must "specify the judgment *and* the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). The rule contemplates attorneys filing a motion for fees arising from a judgment in the case in which the motion is filed. Here, the fees Mr. Doherty seeks do not arise out of any proceeding before the Court. Rather, Mr. Doherty seeks to employ the federal ERISA action as a vehicle to raise state-law breach of contract and tortious interference claims against his client and Defendant, respectively. But the relevant state court is the proper venue for resolution of those claims. The Court will therefore deny the motion.

II. Motion for Summary Judgment

Defendant moves for summary judgment because the complaint was untimely. ECF 4, PgID 55. Plaintiff did not respond to the motion. Mr. Doherty filed a response only on his own behalf. ECF 6. Mr. Doherty asserts that Plaintiff discharged him and that he therefore "can take no further action on Plaintiff's behalf." *Id.* at 225. Mr. Doherty suggests that the Court "should provide Plaintiff the opportunity to retain counsel before addressing the merits of Defendant's summary judgment motion," but Plaintiff has not sought an order from the Court permitting his withdrawal. "An attorney's appearance continues until entry of—(A) a final order or judgment . . . or (B) a withdrawal or substitution order." E.D. Mich. LR 83.25(b)(2).

The Court may grant a motion for summary judgment to which the plaintiff failed to respond if it first "examine[s] the moving party's motion for summary judgment to ensure that it has discharged its initial burden" of demonstrating "the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005). Here, Defendant has demonstrated a lack of genuine dispute of material fact and an entitlement to judgment as a matter of law.

Plaintiff claims that Defendant violated ERISA by arbitrarily and capriciously denying his claim for dismemberment benefits. ECF 1.[1] The parties agree that Defendant denied Plaintiff's request for review of his adverse benefit decision on April

---

[1] Plaintiff also seeks injunctive relief and restitution. But Plaintiff received that relief *before* filing of the complaint.

4

11, 2011, and that this was the final decision on his claim for dismemberment benefits. *See* ECF 3, PgID 11, 36–38; ECF 4, PgID 75. And the complaint was filed on May 31, 2018.

ERISA actions use the statute of limitations for the most analogous state law action, which here is the six-year statute of limitations for a Michigan breach-of-contract action. *See Nolan v. Aetna Life Ins. Co.*, 588 F. Supp. 1375, 1378–79 (E.D. Mich. 1984). Plaintiff's claim is therefore barred by the statute of limitations. The Court will grant Defendant's motion for summary judgment.

Defendant also seeks a declaration that benefits are payable directly to Plaintiff. ECF 4, PgID 82–83. As with Mr. Doherty's motion for attorney's fees and lien, Defendant's request for that declaration is not tethered to the allegations in the complaint. The Court will therefore not address the request.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Mr. Doherty's motion for attorney's fees and lien [3] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [4] is **GRANTED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2019

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
